UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| KEITH CRAIG | CIVIL ACTION |
|---|---|
| VERSUS | NO. 17-6242 |
| MERIT SYSTEMS PROTECTION BOARD AND UNITED STATES POSTAL SERVICE | SECTION "R" (5) |

# ORDER AND REASONS

Defendant U.S. Postal Service moves to dismiss plaintiff Keith Craig's employment discrimination suit.[1] For the following reasons, the Court grants the motion.

## I. BACKGROUND

Plaintiff was an employee of the U.S. Postal Service before his termination in late 1999.[2] On May 4, 2000, he filed a complaint with the Equal Opportunity Office of the Postal Service, alleging that he was terminated because of his race and physical disability. *See Craig v. Merit Sys. Prot. Bd.*, 44 F. App'x 465, 465 (Fed. Cir. 2002). The Equal Opportunity Office dismissed plaintiff's complaint on the ground that it was not timely

---

[1] R. Doc. 5.
[2] *See* R. Doc. 1-2 at 38.

filed under 29 C.F.R. § 1614.105. *Id.* Plaintiff appealed that decision, *pro se*, to the Merit Systems Protection Board (MSPB or Board). *Id.* An Administrative Judge (AJ) of the MSPB dismissed that appeal as untimely under both 29 C.F.R. § 1614.105 and 5 C.F.R. § 1201.22, and the full Board declined review. *Id.* at 466. The Federal Circuit affirmed. *Id.* at 467.

Separately, plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC). After both the EEOC and the MSPB denied relief, plaintiff filed suit in this Court. The Court dismissed the suit as untimely under 42 U.S.C. § 2000e-16(c) and 5 U.S.C. § 7703(b)(1). *Craig v. U.S. Postal Serv.*, No. 01-3643 (E.D. La. Sept. 11, 2002).

On February 16, 2016, plaintiff filed his second *pro se* appeal with the MSPB.[3] The AJ dismissed this second appeal on the ground that plaintiff was collaterally estopped from arguing that his initial appeal was timely filed.[4] Before the Board, plaintiff argued that he was unable to file a timely appeal because of his mental disability.[5] The Board rejected this argument, noting that plaintiff had an opportunity to raise it during his initial appeal, and affirmed the AJ's order.[6] The MSPB's order became final on December

---

[3] R. Doc. 1-2 at 84-102.
[4] *Id.* at 29.
[5] *Id.* at 40.
[6] *Id.* The Board also noted that plaintiff failed to show good cause for the fifteen-year delay in filing his second appeal.

12, 2016. On February 9, 2017, plaintiff filed a petition for review with the Federal Circuit, which transferred the case to this Court because the case involves discrimination.[7] *See Kloeckner v. Solis*, 568 U.S. 41, 56 (2012) ("A federal employee who claims that an agency action appealable to the MSPB violates an antidiscrimination statute . . . should seek judicial review in district court, not in the Federal Circuit.").

Defendant U.S. Postal Service now moves to dismiss plaintiff's suit under the doctrine of collateral estoppel.[8]

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d

---

[7]  R. Doc. 1.
[8]  R. Doc. 6.

228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly*, 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007), the claim must be dismissed.

**III. DISCUSSION**

Before a plaintiff may file an employment discrimination suit in federal court, she must administratively exhaust her claims. *See* 42 U.S.C. § 2000e-5(f); *id.* § 2000e-16(c). Failure to meet regulatory deadlines during administrative review means that a plaintiff's complaint may be dismissed

for lack of administrative exhaustion. *See, e.g.*, *Pacheco v. Mineta*, 448 F.3d 783, 791 n.11 (5th Cir. 2006) ("Generally, discrimination claims alleging conduct that occurred more than 45 days before the initiation of administrative action (contacting an [Equal Employment Office] counselor) are time barred in a subsequent action in federal court."); *see also Niskey v. Kelly*, 859 F.3d 1, 7 (D.C. Cir. 2017) ("[I]f an employee fails to meet any . . . statutory or regulatory deadlines, the employee's federal court action may be dismissed for failure to administratively exhaust the claim.").

The Postal Service argues that this suit should be dismissed for lack of administrative exhaustion under the doctrine of collateral estoppel. Specifically, the Postal Service asserts that plaintiff is collaterally estopped from showing the timeliness of his initial MSPB appeal. If plaintiff's initial appeal were untimely, then his second appeal—filed fifteen years later—would also be untimely. Thus, the Postal Service argues, the MSPB correctly dismissed the second appeal. Plaintiff's *pro se* filings, though somewhat difficult to decipher, suggest that his lack of timeliness should be excused because of his mental disability.[9]

Collateral estoppel bars "'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the

---

9    R. Doc. 7 at 1-3.

prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001)). To establish collateral estoppel under federal common law, a party must show: "(1) that the issue at stake [is] identical to the one involved in the prior litigation; (2) that the issue [was] actually litigated in the prior litigation; and (3) that the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in that earlier action." *Rabo Agrifinance, Inc. v. Terra XXI, Ltd.*, 583 F.3d 348, 353 (5th Cir. 2009). Further, a party may invoke collateral estoppel only when the opposing party had a "full and fair opportunity" to litigate the issue in the earlier litigation. *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 480 (1982) (quoting *Allen v. McCurry*, 449 U.S. 90, 95 (1980)); *Rabo Agrifinance*, 583 F.3d 348 at 353.

It is clear that the timeliness of plaintiff's initial appeal was litigated in the initial appeal itself. The AJ found that plaintiff's initial appeal to the MSPB was untimely, and noted that plaintiff did not put forth a good reason for the delay. *See* 5 C.F.R. § 1201.22(c) ("If a party does not submit an appeal [to the MSPB] within the time set by statute, regulation, or order of a judge, it will be dismissed as untimely filed unless a good reason for the delay is shown."). The AJ dismissed plaintiff's initial appeal on this ground. The

MSPB denied review, and the Federal Circuit affirmed. *Craig*, 44 F. App'x 465.

Moreover, plaintiff had a full and fair opportunity to argue that his disability provided good cause for his delay in filing his initial appeal. In some circumstances, it may not be appropriate to invoke collateral estoppel against a party who was "laboring under a mental or physical disability that impeded effective litigation and that has since been removed." Restatement (Second) of Judgments § 28 cmt. j. But the AJ in Craig's initial appeal gave Craig two opportunities to show the timeliness of his appeal. According to the Federal Circuit, "Craig offered no explanation for his untimely appeal other than his argument that he had timely filed his [Equal Employment Office] complaint." *Craig*, 44 F. App'x at 466. The Court finds that Craig's failure to explain his disability at the time of his initial appeal, despite "ample opportunity" to do so, *id.* at 467, means that collateral estoppel may be invoked against him in this appeal.

Because plaintiff is collaterally estopped from arguing that his initial appeal was untimely, the Court finds that his second appeal is also untimely. Therefore, plaintiff has failed to administratively exhaust his claims and his case must be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the U.S. Postal Service's motion to dismiss. Plaintiff's claims are DISMISSED WITHOUT PREJUDICE.

New Orleans, Louisiana, this __7th__ day of December, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE